People v Berraho (2023 NY Slip Op 02984)

People v Berraho

2023 NY Slip Op 02984

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Ind. No. 1093/17 Appeal No. 404 Case No. 2019-869 

[*1]The People of the State of New York, Respondent,
v
Omar Berraho, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Katherine M.A. Pecore of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Franklin R. Guenthner of counsel), for respondent.

Judgment, Supreme Court, New York County (Ellen N. Biben, J. at plea; Ann E. Scherzer, J. at sentencing), rendered September 21, 2018, convicting defendant of aggravated unlicensed operation of a motor vehicle in the third degree and operating a motor vehicle while under the influence of alcohol, and sentencing him to a conditional discharge for a period of one year, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge imposed at sentencing, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal, which forecloses review of his claim that he substantially complied with the conditions of an agreement that entitled him to replead to a traffic infraction (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). Regardless of whether defendant's appeal waiver forecloses his present claim, we find that the sentencing court providently exercised its discretion in determining that defendant failed to satisfy the conditions of his plea agreement and thereby forfeited the opportunity to replace his misdemeanor conviction with a plea to a traffic infraction. The principal condition of the agreement was defendant's completion of three programs. Even if his noncompletion of one of these programs may have been de minimis, he failed to complete the other two.
Based on our own interest of justice powers, we vacate the surcharge and fees imposed at sentencing. We note the People's consent.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023